| |
|---|
| **Lifshitz v Wilhelm** |
| 2024 NY Slip Op 33070(U) |
| September 4, 2024 |
| Supreme Court, Kings County |
| Docket Number: Index No. 120/2022 |
| Judge: Leon Ruchelsman |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS : CIVIL TERM: COMMERCIAL 8
------------------------------------------------x
BENJAMIN LIFSHITZ and REBECCA KASHANIAN,

                              Plaintiff,        Decision and order

       - against -                 Index No. 120/2022

LEVI WILHELM, MORDECHAI GURARY a/k/a
MOTTY GURARY, ZALMAN WILHELM, BNOS
MENACHEM, INC., JOHN DOES 1-10 and ABC
CORPORATIONS 1-10,

                        Defendants,     September 4, 2024
------------------------------------------------x
PRESENT: HON. LEON RUCHELSMAN        Motion seq. #10 & #11

       The defendants have moved seeking to vacate a restraining order filed in this case. The plaintiffs have moved pursuant to CPLR §2221 seeking to reargue a decision and order dated July 25, 2024 which granted the defendants summary judgement. The motions have been opposed respectively. Papers were submitted by the parties and arguments held. After reviewing all the arguments this court now makes the following determination.

       The facts have been adequately recounted in prior orders and need not be repeated here.

Conclusions of Law

       A motion to reargue must be based upon the fact the court overlooked or misapprehended fact or law or for some other reason mistakenly arrived at in its earlier decision (Deutsche Bank National Trust Co., v. Russo, 170 AD3d 952, 96 NYS3d 617 [2d Dept., 2019]).

       Article 21 of the contract is entitled "Title Examination;

Seller's Inability to Convey; Limitations of Liability" (see, Residential Contract of Sale, ¶21 [NYSCEF Doc. No. 59]). Article 21(a) first states that "purchaser shall order an examination of title in respect of the Premises from a title company licensed or authorized to issue title insurance by the New York State Insurance Department or any agent for such title company promptly after the execution of this contract or, if this contract is subject to the mortgage contingency set forth in paragraph 8, after a mortgage commitment has been accepted by Purchaser. Purchaser shall cause a copy of the title report and of any additions thereto to be delivered to the attorney(s) for Seller promptly after receipt thereof" (id). Further, Paragraph 8, which had not been deleted from the contract required the purchaser to provide a commitment letter from a lender within forty-five days of executing the contract.

Thus, Article 21(a), which has never been the focus of any attention in this case requires the plaintiff to satisfy conditions before examination of the seller's obligations. Further, the contract's insistence that the buyer's obligations are satisfied before the seller's obligations is consistent with a common sense approach to the sale of property. The buyer must first demonstrate it has the ability to purchase the property. If that obligation cannot be satisfied then there is no need for the seller to attempt to engage in his or her obligations. There

2

[*2]

is little sense requiring a seller to complete its obligations when the other party to the contract, namely the buyer, is incapable of completing the transaction. Indeed, the court first addressed the buyer's obligations in the prior decision and concluded the buyer had failed to secure a valid commitment letter from a lending institution as required under the contract. That was not just a mere pre-condition to satisfy a cause of action for specific performance but a contractual pre-condition and requirement. While it is true that most of the litigation in this lawsuit focused upon the seller's obligations of Article 21(b) that does not mean there was somehow a waiver of antecedent requirements on the part of the buyer that were never satisfied. Therefore, notwithstanding any arguments about law of the case or the court reversing its own understanding, neither of which are compelling, the prior decision finally demonstrated that there was really no basis to even consider the seller's obligations without first examining the buyer's. Since the buyer failed to satisfy its obligations there is really nothing more for the court to consider. The buyer cannot secure summary judgement and moreover, that failure absolved the seller of its requirements. In truth, these are the very arguments presented by the defendants consistently throughout this litigation. The court initially rejected them to afford the buyer an opportunity to prevail upon its claims. The discovery process afforded the

3

[* 3]

buyer an opportunity to endeavor to so prevail. The buyer's inability to do so essentially means there are no questions of fact the seller had the ability to cancel the contract. It makes little sense denying the seller the right to cancel the contract even where the buyer has failed to satisfy its obligations. Although the court once again engaged in an analysis of Article 21(b) that exercise was not an error. It may have been superfluous, however, there has been no demonstration the buyer has been able to satisfy its obligations under the contract to then consider the seller's obligations. Therefore, the motion seeking reargument is denied.

Further, the motion seeking to vacate the preliminary injunction ordered on July 7, 2022 is granted. Likewise, the motion seeking to vacate the order directing the sheriff to padlock the property is granted. The injunction is hereby vacated and the sheriff is directed to remove any padlock to the property. The defendants may exercise any and all rights in the subject property.

So ordered.

ENTER:

DATED: September 4, 2024
Brooklyn N.Y.

Hon. Leon Ruchelsman
JSC

4